UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| In re: | Case No. 03-40157 |
|  | Chapter 7 |
| LARRY GENE ENGLUND and, |  |
| MARIANNE MARGARETT ENGLUND | MOTION FOR AN |
| Debtors. | ORDER OF CONTEMPT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now Debtors and moves the Court for an order of contempt for the reasons and upon the grounds as follows:

1. On February 18, 2003, Debtors filed a Chapter 7 Voluntary Petition. (Docket #1).

2. At Schedule D, Debtors listed U.S. Bank as having a mortgage on their home. (Docket #1, page 10).

3. On February 20, 2003, U.S. Bank was served the "Notice of Chapter 7 Bankruptcy Case." (Docket #4).

4. Debtors did not reaffirm their debt with U.S. Bank.

5. On August 5, 2003, U.S. Bank was served the Discharge Order. (Docket #29).

6. On April 14, 2008, Debtors were served with a foreclosure Complaint seeking a judgment against Debtors on the discharged U.S. Bank debt. A copy of the Complaint is attached and marked Exhibit "A".

7. SBS Financial Services, Inc. is the assignee of U.S. Bank.

8.  This Court has jurisdiction pursuant to U.S.C. § 1334, U.S.C. § 157 and the Order of General Reference, dated July 27, 1984, entered by the United States District Court.

9.  This matter arises under 11 U.S.C. § 105(a), 11 U.S.C. § 524(a)(2) and Federal Rules of Bankruptcy Procedure 9014 and 9020.

10. 11 U.S.C. § 524(a)(2) provides:

> "(a) A discharge in a case under this title---
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived..."

11. The purpose of the injunction is to ensure that once a debt is discharged, the debtor will not be pressured in anyway to repay it. In re: Everly, 346 B.R. 791, 795 (B.A.P. 8th Cir. 2006).

12. The elements of civil contempt are:

    (1) a valid order of court exists;
    (2) the offender had knowledge of the order; and
    (3) the offender disobeyed the order.

In re: Lands End Leasing, Inc., 220 B.R. 226 (Bankr. D.W.J. 1998).

13. Debtors allege that the discharge order is a valid order, that SBS Financial Services, Inc. and its attorney, E. Steeves Smith, had knowledge of the discharge order, and the SBS Financial Sevices, Inc. and its attorney, E. Steeves Smith, willfully violated the discharge order by serving Debtors with a Complaint seeking a judgment for a debt discharged in their Chapter 7 bankruptcy.

14. A Court does not need to find a bad motive or harmful intent, the Court need only find that the "creditor or entity had knowledge of the discharge and willfully

violated it by continuing with the action complained of." In re: Waswick, 212 B.R. 350, 352 (Bankr. D.N.D. 1997).

15. 11 U.S.C. § 524 does not prescribe what damages Courts should award for violation of the discharge injunction. Courts have therefore relied upon 11 U.S.C. § 105 which allows Courts to issue orders necessary or appropriate to carry out the provisions of the Code. In re: Torres, 309 B.R. 643, 647 (B.A.P. 1st Cir. 2004).

16. Willful violations of the discharge injunction are punishable by contempt. A creditor found in contempt for violating the discharge injunction is subject to actual damages including attorney fees. In re: Gakinya, 364 B.R. 366, 370 (Bankr. W.D. Mo. 2007).

17. Debtors have incurred attorney fees, sales tax, and expenses in connection with SBS Financial Services, Inc.'s and E. Steeves Smith's violation of the of the discharge injunction in an amount yet to be determined.

WHEREFORE, Debtors pray for an Order as follows:

1. Finding that the debt SBS Financial Services, Inc. is seeking to recover from Debtors in its Complaint was discharged in Debtors bankruptcy;

2. Finding SBS Financial Services, Inc. and its attorney E. Steeves Smith in civil contempt for violating this Court's Discharge Order dated August 5, 2003;

3. Prohibiting SBS Financial Services, Inc. from pursuing Debtors in the future regarding the payment of any debts discharged in their bankruptcy;

4. Awarding Debtors their actual damages including reasonable attorneys fees, sales tax and costs in an amount yet to be determined; and

5.   For such other and further relief as just and equitable under the circumstances.

Dated:  November 13, 2008.		DOUGHERTY & DOUGHERTY, LLP

/s/ Patrick T. Dougherty
Patrick T. Dougherty
P.O. Box 2376
Sioux Falls, SD 57101-2376
(605) 335-8586; FAX - (605) 331-2519
Attorneys for Debtors.